[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In 1994 the plaintiff commenced proceedings to foreclose tax liens on property of the defendant for the years 1987 through 1993. On April 4, 1996 a judgment of strict foreclosure was entered with a law day set for this particular defendant for July 30, 1996. Thereafter the defendant's law day was extended successively to January 30, 1997, August 26, 1997, February 3, 1998, July 9, 1998 and finally October 6, 1998. The defendant failed to redeem by October 6, 1998 and therefore title became absolute in the plaintiff.
On January 11, 1999 the defendant filed a motion to open judgment pursuant to G.S. § 49-15 alleging as a basis for relief that although payments were made as agreed, the law day, by inadvertence, was not extended in accordance with the agreementof the parties."
The court heard evidence on February 8 and 9. During the course of the hearing it became evident that in 1996 the defendant conveyed his entire interest in the property to his wholly owned corporation, Wentworth Contracting, LTD. The plaintiff moved orally that the motion to reopen be denied because Joseph Voll no longer had an interest in the property subject to the foreclosure and therefore no longer had standing to pursue the motion.
Having reserved decision on the motion, the court now finds that Joseph Voll has not lost his standing by virtue of the conveyance because G.S. § 12-161 makes a municipal property tax a personal debt of the taxpayer/property owner irrespective of whether the taxpayer may have divested himself of ownership. Consequently, Joseph Voll has a pecuniary interest to protect by seeking relief through the vehicle of this motion.
The defendant claims to have proved that he and the plaintiff had an agreement for what amounts to an open ended succession of law day extensions, each contingent upon a pay down of the debt, and that through inadvertence neither party moved for an extension prior to the October 6th law day. The court finds that CT Page 3679 the defendant has failed to prove any such agreement, either expressed or implied.
The defendant's attempt to structure an agreement out of his attorney's letter of December 8, 1998 is unavailing. It is apparent from Attorney John Bryk's testimony that the letter does not memorialize an oral agreement. At most, the letter constituted an offer which was never accepted because it came too late, the city already having previously filed its certificate of title absolute. To be sure, each motion when granted by the court constituted a separate agreement to pay fixed sums, usually monthly, in consideration for an elongated law day. The defendant did not abide by these agreements but on the eve of each law day paid enough money to earn him a further extension. The eleventh hour payments however, ceased when no one reminded Mr. Voll of the imminence of the October 6th law day. Thus, the defendant's law day came and went without the defendant making any payment. Notwithstanding, even after law day had passed, specifically on October 20, 1998, the defendant through his attorney, was offered the opportunity to pay the debt and have the judgment reopened and vacated. The defendant disputed the amount of the debt which the plaintiff claimed was due and so declined the defendants invitation.
As an alternative position the defendant argues that a contract may be implied from the conduct of the parties Bershstein,Bershstein Bershstein v. Nemeth, 221 Conn. 236 (1992). The creation of an implied contract is not supported by the evidence. The plaintiff's past conduct in agreeing to several extensions cannot form the basis for an implied agreement to continue extending law day indefinitely on the same basis. The defendant has failed to prove either a contract implied in fact or in law.Bershstein, supra at 241-242.
As a final argument, the defendant relies on New MilfordSavings Bank v. Jager, 244 Conn. 251 (1998) and Farmers andMechanics Savings Bank v. Sullivan, 216 Conn. 341 (1990). Indeed, the success of the defendant's motion depends entirely upon the courts agreement with his analysis. The court disagrees.
In Jager the court departed from its long standing adherence to the principle that the prohibition against opening a judgment of strict foreclosure after title has become absolute is conclusive. The court modified that long standing categorical rule to allow for exceptions under limited circumstances. This court does not CT Page 3680 read Jager as conferring blanket authority upon the court to set aside a foreclosure judgment after title has vested whenever equitable circumstances dictate. While the court chose language broad enough to embrace such a power[1] this court does not believe that this statement is anything more than a generalized expression of the more limiting principle which the court introduced for the first time, viz: "§ 49-15 does not deprive the court of jurisdiction to open a judgment of foreclosure to correct an inadvertent omission in a foreclosure complaint . . . where failure to do so will confer an unexpected and unjust windfall on the defendant." Id. at 260. It is significant that the court observed in footnote £ 12 that the cases which the Appellate Court relied upon in denying the power to reopen were all cases which dealt with "extinguishment of the mortgagor's
right of redemption after passage of law day." (Emphasis in original). In contrast, the Jager case dealt with a mortgagee's
right to open a judgment of foreclosure.
In conclusion, New Milford Savings Bank v. Jager does not support the authority of the court to open a judgment of strict foreclosure after law day has passed and title has vested where the moving party is the mortgagor and not the mortgagee and there has been no waiver. Id. at 261 n. 15. By analogy, in this case, in the absence of waiver the court has no power to grant the motion to reopen filed by a taxpayer after law day and after title has vested and become absolute.
Farmers Mechanics Savings Bank v. Sullivan, supra, does not bolster the defendant's case. In that case the court invoked equitable principles to correct a grossly unfair result which stemmed from a circumstance not considered by the court at the time that judgment was entered. In that case the Supreme Court held that not only was the judgment of strict foreclosure erroneous but also that the law day set in the judgment was of no force and effect because the filing of the motion to reopen automatically stayed the effectiveness of the law day. Thus, unlike the instant case, the court in Sullivan was not dealing with a situation where title had in fact become absolute prior to a hearing on the motion. In the instant case, the motion was filed long after title had become absolute and is based not upon the claim of an erroneous form of judgment but rather upon a claim that parties had reached an agreement either expressly or impliedly that law day should be extended to an unspecified date. In Sullivan, the unwarranted windfall resulted not from the acts or omission of the owner of the equity but rather from the CT Page 3681 judgment of the trial court. Here the windfall, if any, accruing to the city results from the inaction of the owner for which he must assume full responsibility.
For the foregoing reasons the motion to reopen is denied.
Mottolese, Judge